[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows: CT Page 10667
The plaintiff, whose maiden name was Fraticelli, and defendant, intermarried at Mount Vernon, New York on June 3, 1977; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably; that there is no hope of reconciliation; and that the State of Connecticut is not contributing to the support of either party.
The plaintiff testified the breakdown of the marriage was due to defendant's infidelity; that she got internal infections from the defendant and that he started removing all her clothes from the marital home.
The defendant testified that the plaintiff struck him with a lighted cigarette and hit him twice resulting in plaintiff being arrested; that a restraining order was placed on her; that she refused to move to Georgia with the defendant; that in May 1994 plaintiff took an overdose of Valium; that their son, while a minor, left her and went to Georgia to live with the defendant. He denies plaintiffs claims of infidelity.
It is clear from the testimony of the parties that the marriage has broken down irretrievably. I find that the parties contributed equally to the breakdown of their marriage.
The plaintiff, who was born May 21, 1944, quit grammar school at age 16. She has high blood pressure, high cholesterol, diabetes and suffers from a foot problem, which will require surgery on both feet.
Plaintiff is self-employed as a cleaning woman and, when fully employed, earns about $800.00 per month. However, because of her pending surgeries, she will be unable to work for at least three months. It is doubtful whether the plaintiff can or will increase her earning capacity.
The defendant, who is in the United States Navy, appears to be in good health. He entered the Navy in August 1976 and married the plaintiff on June 3, 1977. Therefore, approximately 22 years of defendant's pension accumulated during the marriage of the parties. He plans to retire June 2000. CT Page 10668
The defendant receives a gross weekly income of $947.44 and a net income of $692.74. He also receives an allowance of approximately $1,000.00 a month which will cease when their marriage is dissolved.
The parties jointly own the marital home located at and known as 240 Avery Hill Road. The plaintiff values the property at $147,000.00 subject to a mortgage of $109,053.00. The defendant values the property at $160,000.00 subject to a mortgage of $107,000.00.
The parties also own a timeshare in Las Vegas valued by plaintiff at $7,000.00 and by defendant at $12,900.00. The lots in Las Vegas owned jointly have an agreed value of $20,000.00.
In addition, the parties own bank accounts, bonds, mutual funds. etc., which will be contained in the orders hereinafter set out.
As indicated above, the Court finds that the parties were equally at fault for the breakdown of the marriage. A decree dissolving the marriage is awarded to the parties.
After considering the factors in Connecticut General Statutes §§ 46b-62, 81 and 82, the following orders are entered.
1. The defendant shall pay to the plaintiff $1,000.00 per month alimony until such time as plaintiff begins to receive her share of defendant's pension. Thereafter, defendant shall pay to the plaintiff $400.00 per month alimony for three years non-modifiable as to term and amount. Said alimony shall sooner terminate upon the plaintiffs death, remarriage or cohabitation with an unrelated male.
2. No alimony shall be paid to the defendant.
3. The defendant shall transfer all of his interest in the marital home on Avery Hill Road, Groton to the plaintiff. She shall hold him harmless on any mortgages and liens on the property and from all expenses arising out of ownership of the property.
4. The plaintiff shall transfer to the defendant all her interest in the lots in Pathiump, Nevada and to the Las Vegas timeshare. The defendant shall hold the plaintiff harmless on any CT Page 10669 claims arising from said ownership.
5. The defendant shall, by QDRO, transfer to the plaintiff 35% of his U.S. Navy pension.
6. The plaintiff shall own the 1998 Saturn automobile, the Pioneer II stocks in her name, her Citizen's bank account, her IRA, jewelry, household furnishings and the silver certificates.
7. The defendant shall own the 1997 Ford, his Navy Federal Credit Union account, the Templeton Growth Fund joint funds and the Templeton Funds in his name, the Dominion Resources Pioneer II, the bonds in his name, the Citizen's bank account in his name, his New England Life Insurance policies free of any claim by the plaintiff. She shall transfer all her interest in the above, where necessary, to the defendant.
8. The defendant shall name the plaintiff as irrevocable beneficiary on his $200,000.00 life insurance policy.
9. Each party shall hold the other harmless on any liens or loans on their respective automobile.
10. Each party shall pay the debts listed on their financial affidavits.
11. Each party shall pay their own attorney's fees.
Vasington, JTR